# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Hartford Underwriters Insurance Co., | ) | No. 16 C 2381 |
| | ) | |
| Plaintiff, | ) | Judge Virginia M. Kendall |
| | ) | |
| v. | ) | |
| | ) | |
| Worldwide Transportation Shipping Corp. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

USF Holland, LLC (Holland) had an independent contractor agreement with Worldwide Transportation Shipping Corp. (Worldwide) at the time of John Finnegan's death, and Worldwide agreed to indemnify Holland for injury claims brought under worker's compensation. Holland is fearful that if Plaintiff Hartford Underwriter's Insurance Company (Hartford) prevails in this action, Worldwide will not have the financial means to indemnify Holland for the worker's compensation claims brought by the Finnegan Estate. Holland filed the instant motion to intervene [35] in Hartford's declaratory action in order to protect its financial interests. For the reasons stated below, the motion is denied.

## I. Background

On September 17, 2014, John Finnegan was killed in a workplace accident in McCook, Illinois. (Dkt. 35–1 at 41). At the time of his death, Finnegan was employed as a truck driver by Worldwide. (Dkt. 36 at 2.) A few months prior to the accident, near the end of June 2014, Worldwide entered into an independent contractor agreement (the Trucking Contract) with Holland, in which Worldwide agreed to "provide pickup and delivery services as requested by

1

[the] Rock Island terminal manager." (Dkt. 35-1 at 36.)[1] The Trucking Contract also provided, among other things, for limited defense and indemnification from Worldwide to Holland for "any liabilities, claims or demands… for injuries or damages claimed under worker's compensation or similar acts." (*Id*. at 32.) In June 2014, near the time Worldwide entered the Trucking Contract, Worldwide also bought a Workers Compensation and Liability Policy from Hartford, and the policy designated Worldwide's address in Iowa. (Dkt. 1 at 5). The policy was effective at the time of Finnegan's death. (*Id.*)

Mr. Finnegan's wife Noreen Finnegan, acting on behalf of her husband's estate (the Finnegan Estate), filed a claim for benefits with the Illinois Worker's Compensation Commission (IWCC) on August 5, 2015. (*Id*. at 38–39.) On the first claim that she filed, she listed under "Employer's name," Worldwide. (*Id.*) The same day, she filed an amended version of the claim, this time listing both Worldwide and Holland as the employers. (*Id*. at 41–42.) Holland filed a Limited and Special Appearance by Counsel at the IWCC on October 26, 2015. (Dkt. 44, Exh. B.)

On February 18, 2016, Hartford filed a declaratory judgment action in this Court against Worldwide and the Finnegan Estate, (Dkt. 1 at 1), pursuant to 28 U.S.C. §§ 2201 and 2202 seeking a declaration that it owes no duty to defend or indemnify Worldwide or to pay insurance benefits to the Finnegan Estate because the claim was brought outside of Iowa[2] (*Id*. at 9–10); or alternatively, that Hartford owes no duty to defend or indemnify Worldwide or to pay insurance benefits to the Finnegan Estate as might be required under any Iowa Worker's Compensation statute. (*Id*. at 10.) On July 14, 2016, Worldwide filed a third-party complaint against Goetsch-

---

[1] The second Finnegan Claim labels Holland as a corporation. Holland appears to have re-organized in the time between the filing of the Finnegan Claim and its instant Motion to Intervene, and is now a limited liability company. *See* Dkt. 35 at 1.

2

Kay LLC d/b/a/ Sheridan & Associates Agency (Sheridan) for negligent failure to procure for Worldwide a policy that covered states other than Iowa. (Dkt. 35 at 2.)

On July 14, 2016, Hartford served Holland a subpoena for documents. (Dkt. 44, Exh. D.) Counsel for Holland coordinated transmission of documents, including the Trucking Contract, to Hartford's legal team between August and November 1, 2016. (*See* Dkt. 44 at 5, Exh. D.) Holland asserts that the subpoena was the first time that Holland became aware of the Hartford action. (Dkt. 36 at 7.) On November 1, 2016, Holland filed the present Motion to Intervene. (Dkt. 35 at 1.) Holland seeks leave to file an Answer and Affirmative Defenses to the Hartford Action, and leave to file a Crossclaim against Worldwide for breach of contract. (*Id*. at 2.)

**I.    Intervention as of Right under Rule 24(a)(2)**

A party seeking to intervene as of right must satisfy four requirements: (1) the motion to intervene must be timely; (2) the party seeking to intervene must claim an interest related to the subject matter of the action; (3) the party seeking to intervene must be so situated that the disposition of this action threatens to impair or impede the party's ability to protect that interest; and (4) the existing parties must not be adequate representatives of the movant's interest. Fed. R. Civ. P. 24(a)(2); *see also Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007). The party seeking intervention bears the burden of establishing each of these elements. *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003).

1. Timeliness

The timeliness requirement is a flexible one and is determined by considering the totality of the circumstances, leaving much to the sound discretion of the courts. *See Shea v. Angulo*, 19 F.3d 343, 348–49 (7th Cir. 1994); *Zurich Capital Markets, Inc. v. Coglianese*, 236 F.R.D. 379, 383 (N.D.Ill.2006) (St.Eve, J.) ("Determining whether a motion for intervention is timely is

'committed to the sound discretion of the district judge.'") (quoting *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985)). The test for evaluating timeliness essentially sets out a reasonableness standard; potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights and act promptly in response. *See Heartwood, Inc. v. U.S. Forest Service, Inc.*, 316 F.3d 694, 701 (7th Cir. 2003). Intervention is unavailable to the litigant who "dragged its heels" after learning of the lawsuit. *United States v. City of Chicago*, 870 F.2d 1256, 1263 (7th Cir.1989).

Holland intervened in a reasonable period of time. Holland asserts that it was on notice of the action when Hartford served the subpoena in July 2016. (Dkt. 36 at 7.) At that point, Holland began "searching its records and performing due diligence to determine background" in the matter, and filed three months later. *See* Dkt. 36 at 13. Although Holland could have been more diligent in learning of the action[3], there is only three months between when Hartford asserts Holland should have known of the action (at the time Hartford filed the complaint) and when Holland asserts it learned of the action (when served the subpoena). This is not a significant enough delay to find the motion untimely. And, because Holland filed its motion to intervene prior to the close of fact discovery[4], the prejudice to Hartford clearly does not rise to the prejudice in cases in which summary judgment had been decided, or the case had been settled. *See Humphrey v. United States*, 787 F.3d 824, 826 (7th Cir. 2015) (motion to intervene filed after the parties had already settled was untimely); *see also CE Design Ltd. v. King Supply Co.*,

---

[3] According to Hartford, Holland should have "move[d] to intervene as soon as it knew or had reason to know" that Hartford's suit against Worldwide and the Finnegan Estate might adversely affect its interests in the litigation: on September 30, 2015 when Holland was named in the IWCC proceedings. Holland was therefore on notice to look out for the filing of any related lawsuits to Worldwide, and should have known of this action at the time of filing in February 2016. While Holland could have been more diligent during the five months between Hartford's filing and the subpoena, the length of time is not substantial enough to find the intervention untimely.

[4] When Holland filed its motion to intervene, fact discovery was set to close December 31, 2016. It was later moved to January 31, 2017. (Dkt. 44 at 5.)

4

791 F.3d 722, 725–726 (7th Cir. 2015) (same); *See also Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 798 (7th Cir. 2013) (motion to intervene after grant of summary judgment was untimely.). However, to show its motion was timely, Holland must also demonstrate that it would be prejudiced by the denial of the intervention. The Hartford action will not affect Holland's rights to seek indemnification from Worldwide. Although the Hartford action may impact Worldwide's economic ability to indemnify, Holland's economic interest in the outcome is not a basis for intervention, as discussed in more detail below.

   2. Interest Relating to Subject Matter of Lawsuit

Holland fails to show a "direct, significant and legally protectable" interest in the litigation. *Reich v. ABC/York–Estes Corp.*, 64 F.3d 316, 323 (7th Cir.1995). Although Rule 24 does not define "interest," a mere "economic interest" (i.e. being a creditor of one of the parties) is insufficient. *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009). A "betting interest" in the outcome of the litigation is not enough to establish the interest required under Rule 24. *See Fed. Ins. Co. v. Illinois Funeral Dir.'s Ass'n*, No. 09 C 1634, 2009 WL 2252200, at *3 (N.D. Ill. July 29, 2009) (intervenor's concern that a negative result in declaratory judgment action might affect its ability to collect from a party it sought damages from in a separate suit was a "speculative link," "tenuous at best," and did not show "the necessary protectable interest required for intervention as a matter of right"); *see also Chicago Import, Inc. v. American States Ins. Co.*, No. 09-C-2885, 2010 WL 3385539 (N.D. Ill. Aug. 24, 2010) (intervenor's interest in insurance policy "is entirely contingent upon [insured] prevailing upon its claims—or settling with— [insurer.]" and thus is impermissible under Rule 24(a) as a "betting interest in the outcome[.]") (*citing Meridian Homes Corp. v. Nicholas W. Prassas & Co.,* 683 F.2d 201, 204 (7th Cir.1982).).

Holland's proposed crossclaim and answer do not allege an interest in this lawsuit.[5] None of the allegations directly relate to the question raised in Hartford's declaratory action: whether Hartford needs to provide insurance coverage to Worldwide for an accident that occurred in Illinois. The Hartford policy does not insure Holland, nor give it the rights of a third-party beneficiary, and Holland has no legally protectable interest in any proceeds Worldwide is able to collect from the lawsuit. Same goes for Holland's interest in Worldwide's crossclaim against Sheridan – Holland's only interest is that Worldwide recover money from Sheridan that they will then have available to pay Holland, *in the event* that Worldwide owes Holland indemnity etc. (which, again, is a question having to do with Holland's contract with Worldwide).

Holland cites to a series of cases in which an intervenor had a right to the funds of a specific insurance policy. But as Hartford points out, in these cases, the intervenor is a claimant to the insurance policy. *See Hartford Acc. & Indem. Co. v. Crider*, 58 F.R.D. 15, 17 (N.D. Ill. 1973) (claimant had filed state court action against the insured; when insurance company filed subsequent declaratory action in federal court, claimant sought intervention); *see also Hanover Ins. Co. v. L&K Development,* No. 12 C 6617, 2013 WL 1283823, (N.D. Ill. Mar. 25, 2013) (same); *see also Sec. Ins. Co. of Hartford v. Schipporeit, Inc*., 69 F.3d 1377 (7th Cir. 1995) (same.). Holland does not cite to a case, and the Court is not aware that one exists, in which a third party who is not a claimant or beneficiary was granted intervention under Rule 24(a). Here, the claimant, Noreen Finnegan, is already a party to the case.

---

[5] The crossclaim consists of three counts. Count One of the proposed crossclaim seeks declaratory relief, alleging that Worldwide owes various duties to Holland to protect and indemnify it based on the Trucking Contract. (Dkt. 35-1 at 22–23.) In Count Two, Holland seeks damages from Worldwide based on alleged breaches of the Trucking Contract. (*Id*. at 23–25.) In Count Three of its proposed crossclaim, Holland seeks specific performance of the Trucking Contract. (*Id*. at 26–27). Holland's proposed answer is comprised of effectively uniform denials of every allegation in Hartford's complaint. (*See generally* Dkt. 35-1.) USF Holland's proposed affirmative defenses are that Hartford's claims "are barred by estoppel" and "are barred by waiver." (Dkt. 35-1 at 17.)

Holland is more similar to the intervenors in *Meridian*, than to the claimants in *Crider*, *L& K Development*, and *Schipporeit*. In *Meridian Homes*, two brothers were entitled to the profits of a partnership, but were not partners; they sought to intervene in an action regarding the partnership itself. *Meridian Homes Corp.*, 683 F.2d at 204. The Seventh Circuit held that while the amount the brothers would receive might be affected by the interpretation of the partnership agreement, they had absolutely no legal interest in the agreement itself. Similarly, Holland has no direct interest in the Hartford insurance policy.

   3. Adequate Representation

Holland similarly fails the third prong of the Rule 24(a) analysis. An intervenor must also demonstrate that the disposition of the underlying action, the Hartford action, may impair the intervenor's ability to adequately protect its interest in a subsequent proceeding. *See Reich*, 64 F.3d at 321–322. There is no evidence that the disposition of the Hartford action will prevent Holland from filing an action against Worldwide. Moreover, where the intervenor has "the same goal as the party to a suit," there is a presumption of adequate representation. *L&K Development,* 2013 WL 1283823 at *3 (citing *Ligas ex rel. Foster*, 478 F.3d 771 (7th Cir. 2007)). Worldwide and Holland want the same outcome of the Hartford action: for the Hartford policy to cover the Finnegan Estate's IWCC claims. Because Holland fails to meet any of the first three factors in the Rule 24(a) analysis, and because there are no unusual circumstances (the fourth factor), the Court will not grant intervention as of right.

**II.  Permissive Intervention under Rule 24(b)**

Holland alternatively seeks permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Even when intervention as of right is not available, courts may still exercise their discretion to allow permissive intervention under Rule 24(b). Permissive intervention is

7

appropriate only when the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Courts also consider whether the permissive intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Vollmer v. Publishers Clearing House*, 248 F.3d 698, 707 (7th Cir. 2001).

Holland argues that it shares a common question of law and fact because the present litigation will determine whether Hartford and Sheridan will be required to cover the amount Worldwide may owe for the Finnegan Claims. However, for the same reasons set forth above, Holland does not share a common question of law or fact with the main action. The underlying questions of law and fact in this case revolve around whether an Iowa insurance policy covers Worldwide for conduct in Illinois. The question of law in Holland's breach of contract claim against Worldwide revolves around Holland's right to indemnification generally, not with respect to a specific insurance policy. As a result, the Court, in its discretion, denies Holland's request for intervention under Rule 24(b).

## **CONCLUSION**

For the foregoing reasons, USF Holland's Motion to Intervene [35] is denied.


Date: 3/6/2017


_____
Virginia M. Kendall
U.S. District Court Judge